UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY EVANS and CAITLIN HASSETT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.,<br><br>Defendant. | Case No.: 22-CV-6301<br><br>Judge Virginia M. Kendall |

**PLAINTIFFS' UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs, Emily Evans and Caitlin Hassett, individually, and on behalf of the Settlement Class[1], file their Unopposed Motion for Preliminary Approval of Settlement Agreement. In support thereof, as more fully set forth in Plaintiffs' accompanying Memorandum of Law ("Mem."), Plaintiffs state as follows:

1. This Action involves Defendant, Church & Dwight Co., Inc.'s, sale of its Batiste™ brand dry shampoo products, which Plaintiffs allege were deceptively marketed and sold to consumers containing harmful levels of a chemical called benzene. The Defendant disputes these allegations.

2. Plaintiffs, individually, and on behalf of the Settlement Class, and Defendant have entered into a Settlement that resolves Plaintiffs' claims on a class-wide basis.

3. The Settlement Class is defined as:

All persons and entities in the United States who during the Class Period purchased

---

[1] Unless otherwise stated, all defined terms herein have the meaning given to such terms in the Settlement Agreement and Releases. *See* Mem. at Ex. 1.

1

>one or more of the Bare™ Products or Batiste™ Products for personal, family, or household use and not for resale. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of C&D, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the Bare™ Products or Batiste™ Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; and (d) the Court, the Court's immediate family, and Court staff.

Agreement ¶ 76.

4. The Settlement provides significant relief for the Settlement Class, including a non-reversionary Cash Settlement Fund in the amount of $2,500,000.00, a $600,000.00 Voucher Settlement Program, and prospective injunctive relief potentially worth millions of dollars in future savings.

5. The Court should find that the Settlement is fair, reasonable, and adequate. It meets all the Seventh Circuit's standards for the approval of class action settlements, and therefore warrants Preliminary Approval. The Settlement was negotiated at arm's length by competent, experienced counsel, with the assistance of a highly regarded mediator. It provides Settlement Class Members substantial monetary and injunctive relief in a prompt and efficient manner while at the same time mitigating the risk of protracted litigation and/or a negative outcome that would preclude any recovery whatsoever for the Settlement Class.

6. Further, the Settlement Class satisfies the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy.

7. The numerosity requirement is easily met because purchasers of the Products during the relevant time period are indisputably in the tens of thousands and are geographically located throughout the United States, making joinder impracticable.

8. The commonality requirement is met because there are questions of law and fact common to the Settlement Class including, but not limited to, whether the Products contained

benzene and Defendant's failure to disclose that the Products allegedly contained benzene was likely to deceive reasonable consumers. Resolution of this common question would require evaluation of the question's merits under a single objective standard.

9. Plaintiffs' claims are also typical of the claims of the Settlement Class. Specifically, Plaintiffs' claims, legal theories, and evidence are identical to those of other members of the Settlement Class. Plaintiffs, like all members of the Settlement Class, purchased the Products during the Class Period and suffered damages because of Defendant's alleged material misstatements and omissions.

10. Finally, the representative parties (*i.e.*, Plaintiffs and Class Counsel) will adequately protect the interest of the class. Plaintiffs' interests are coextensive with those of the Settlement Class. Like all members of the Settlement Class, Plaintiffs have claims against Defendant in connection with their purchase of Products during the Class Period. Plaintiffs, like all members of the Settlement Class, were also allegedly injured by Defendant's allegedly wrongful acts. Proof of Plaintiffs' claims would necessarily involve adjudicating the same issues of law and fact as the claims of the Settlement Class as a whole. Thus, Plaintiffs and the Settlement Class they seek to represent have the same interests in recovering damages allegedly caused by Defendant's wrongful conduct. Likewise, Class Counsel are highly qualified and have a great deal of experience litigating consumer class actions. They will adequately represent the Settlement Class.

11. The Settlement Class also satisfies Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

12. Plaintiffs' claims involve common questions of law and fact because the same set

of operative facts applies to the Settlement Class. Specifically, common questions include whether the Products contained benzene and whether Defendant omitted or failed to disclose material information to Plaintiffs and the Settlement Class regarding the alleged benzene and whether the Settlement Class was harmed. Accordingly, whether Defendant engaged in unfair or deceptive practices will entail common proof. Thus, the "predominance" requirement is satisfied.

13. The requirement of superiority also is met because, given the relatively modest amounts that Settlement Class members would stand to recover in individual actions, it is improbable that many would possess the initiative to litigate individually. A class action is the superior method for the fair and efficient adjudication of these claims. Plaintiffs' claims are shared by tens of thousands of consumers nationwide, and resolution of all Settlement Class Members' claims in a single proceeding promotes judicial efficiency and avoids inconsistent decisions. Further, it is unlikely that any Settlement Class member would be willing or able to pursue relief on an individual basis.

14. Plaintiffs also respectfully request that their attorneys be appointed as Class Counsel under Rule 23(g). Plaintiffs and the Settlement Class are represented by qualified and competent Class Counsel. As set forth in their respective resumes, which are attached to the accompanying Joint Declaration of Class Counsel, each firm has significant experience in the class action field, and each attorney has extensive experience prosecuting and resolving similar complex class actions. *See* Mem. at Ex. 2.

15. Before commencing litigation, Class Counsel investigated the potential claims against Defendant, interviewed potential plaintiffs, and gathered information regarding the alleged presence of benzene inDefendant's Products. Class Counsel has devoted substantial time and resources to benzene litigation and will continue to do so.

16. Plaintiffs also respectfully ask the Court to approve the Notice Program, which is the best notice practicable under the circumstances. It includes a Long Form Notice, Publication Notice, Settlement Website, and toll-free telephone number, and shall provide, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; a date by which Settlement Class members may opt-out of the Settlement Class; a date by which Settlement Class Members may object to the Settlement and/or to Class Counsel's Application for attorneys' fees, costs and Service Awards; the date the Final Approval Hearing is scheduled to occur; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information.

17. The Notice Program is designed to directly reach a very high percentage of Settlement Class members through the Publication Notice, which will be published in digital media to be agreed upon by the Parties and the Settlement Administrator.

18. The Parties selected Angeion Group, a well-respected settlement administrator, to act as the Settlement Administrator, with Court approval. The Parties will jointly oversee the Settlement Administrator.

19. Plaintiffs' counsel has conferred with Defendant's Counsel, and Defendant does not oppose this motion.

20. Accordingly, for these reasons, and those set forth in Plaintiffs' Memorandum of Law filed contemporaneously herewith, Plaintiffs respectfully ask the Court to find the Settlement is fair, adequate, and reasonable and enter an order: (i) granting Preliminary Approval of the Settlement; (ii) provisionally certifying the Settlement Class for settlement purposes; (iii) appointing the Plaintiffs as Class Representatives and Class Counsel as counsel for the Settlement Class; (iv) approving the form and manner of the Notice Program; (v) appointing Angeion Group

as Settlement Administrator; (vi) establishing deadlines for the Opt-Out Period and Objection Period; and (vii) scheduling a Final Approval Hearing at which the Court will consider Final Approval of the Settlement, Class Certification, and Class Counsel's Application for Attorneys' Fees, Costs and Service Awards for the Class Representatives.

Dated: May 25, 2023                      Respectfully submitted,

By: */s/ Jeff Ostrow*
      Jeff Ostrow

**KOPELOWITZ OSTROW P.A.**
Jeff Ostrow
Kristen Lake Cardoso
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Fax: (954) 525-4300
E-mail: ostrow@kolawyers.com
      cardoso@kolawyers.com


**BURSOR & FISHER, P.A.**
Max S. Roberts
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Fax: (212) 989-9189
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot*
Stephen A. Beck**
Jonathan L. Wolloch**
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Fax: (305) 676-9006
E-mail: swestcot@bursor.com
      sbeck@bursor.com
      jwolloch@bursor.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
E-mail: gklinger@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Nick Suciu III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
E-mail: nsuciu@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Erin J. Ruben
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (919) 600-5000
E-mail: eruben@milberg.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Admitted Pro Hac Vice
**Pro Hac Vice forthcoming

*Attorneys for the Settlement Class*

## CERTIFICATE OF SERVICE

This is to certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF electronic service system, which will send notification of such filing to parties of record.

*/s/ Jeff Ostrow*
Jeff Ostrow

## CERTIFICATE OF SERVICE

This is to certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF electronic service system, which will send notification of such filing to parties of record.

*/s/ Jeff Ostrow*
Jeff Ostrow