UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY EVANS and CAITLIN HASSETT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.,<br><br>Defendant. | Case No.: 22-CV-6301<br><br>Judge Virginia M. Kendall |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, on February 1, 2023, Plaintiffs, Emily Evans and Caitlin Hassett, filed a Complaint[1] in the Northern District of Illinois on behalf of themselves and all others similarly situated, alleging that Defendant, Church & Dwight Co., Inc., deceptively labeled and marketed its Batiste brand dry shampoo products (ECF No. 27);

WHEREAS, Church & Dwight Co., Inc. denies the allegations of the Complaint and denies any allegation of wrongdoing;

WHEREAS, Plaintiffs and C&D entered into a Settlement Agreement on May 25, 2023, which is attached as ***Exhibit 1*** to the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement, and sets forth the terms and conditions of the Settlement;

WHEREAS, Plaintiffs have moved the Court for a Preliminary Approval Order approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving the Notice

---

[1] Unless otherwise stated, all defined terms herein have the meaning given to such terms in the Settlement Agreement and Releases.

1

Program and Claims Process;

WHEREAS, C&D does not contest certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Settlement Agreement, and the supporting Joint Declaration of Settlement Class Counsel and its exhibits, and finds good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Agreement.

**Preliminary Certification of the Settlement Class**

2. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, defined as follows, is preliminarily certified for the purpose of settlement only:

> All persons and entities in the United States who during the Class Period purchased one or more of the Bare™ Products or Batiste™ Products for personal, family, or household use and not for resale. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of C&D, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the Bare™ Products or Batiste™ Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; and (d) the Court, the Court's immediate family, and Court staff.

3. The Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

4. The Settlement Class, if certified in connection with Final Approval, shall be for

settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

### Appointment of Class Representatives

5. Plaintiffs, Emily Evans and Caitlin Hassett, are hereby appointed as Class Representatives for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

### Appointment of Class Counsel

6. Jeff Ostrow and Kristen Lake Cardoso of Kopelowitz Ostrow P.A., Nick Suciu III and Erin J. Ruben of Milberg Coleman Bryson Phillips Grossman, PLLC, Sarah N. Westcot and Max S. Roberts of Bursor & Fisher, P.A., R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz, Paul K. Joseph of Fitzgerald Joseph LLP, and Kevin Laukaitis of Laukaitis Law LLC are hereby appointed as Class Counsel for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

### Preliminary Approval of the Settlement

7. The Court has scrutinized the Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through discovery and motion practice, and who mediated before the Honorable Steven M. Gold (Ret.) of JAMS. The Court also preliminarily finds that the Settlement is within the range of possible approval because it appears fair, reasonable, and adequate; it compares favorably with the expected recovery balanced against the risks of continued litigation; it has no obvious deficiencies; and is in the best interest of the Settlement Class.

8. The Court hereby preliminarily approves the Settlement, as memorialized in the Agreement, subject to further consideration at the Final Approval Hearing to be conducted as described below.

**Manner and Form of Notice**

9. The Court approves the Notices substantially in the forms attached as Exhibits A-B to the Agreement and the Claim Form substantially in the form attached as Exhibit C to the Agreement. The Notice is reasonably drafted, under the circumstances, to apprise the Settlement Class of the pendency of this litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, costs and Service Awards; of their right to submit a Claim Form; of their right to opt-out of the Settlement; and of their right to object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing shall be included in the Notice and on the Settlement Website.

10. The Parties, without further approval from the Court, are permitted to revise the Claim Form and forms of Notices (Exhibits A-C of the Agreement) in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement and this Order.

11. The Court also finds that the Notice Program, which includes dissemination of Long Form Notice and Publication Notice, is the best notice practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. It will inform the Settlement Class of the general terms of the Settlement, including a description of the Action, information regarding the identity of the Settlement Class, and what claims will be released. It shall include, among other information: a

description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; a date by which Settlement Class members may opt-out of the Settlement Class; a date by which Settlement Class Members may object to the Settlement and/or to Class Counsel's Application for Attorneys' fees, Costs and Service Awards; the date the Final Approval Hearing is scheduled to occur; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Additionally, opt-out procedures will be explained, as well as how Settlement Class Members may exercise their right to object to the proposed Settlement at the Final Approval Hearing.

**Appointment of the Settlement Administrator**

12. The Court appoints Angeion Group to serve as the Settlement Administrator. The Settlement Administrator shall: (i) provide CAFA Notice; (ii) complete the Court-approved Notice Program by noticing the Settlement Class by Publication Notice, sending out Long Form Notices, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Missing or Inaccurate Information, and sending Cash Payments and Product Vouchers to Settlement Class Members; (iii) establish and maintain the Cash Settlement Fund escrow bank account approved by the parties; (iv) establish and maintain a post office box for opt-out requests from the Settlement Class and to receive Claim Forms; (v) establish and maintain the Settlement Website; (vi) establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries; (vii) respond to any mailed Settlement Class member inquiries; (viii) process all opt-out requests from the Settlement Class; (ix) provide weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, opt-out requests received that week, the total

number of opt-out requests received to date, and other pertinent information; (x) in advance of the Final Approval Hearing, prepare a declaration to submit to the Court confirming that the Notice Program was completed in accordance with the terms of the Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the amount of valid Claim Forms received, providing the names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval; (xi) distribute, out of the Cash Settlement Fund, Settlement Class Member Cash Payments by paper check, unless a Settlement Class Member elects to receive payment by electronic means; (xii) oversee the administration and distribution of the Product Vouchers, including emailing Product Vouchers to Settlement Class Members who qualify; (xiii) pay Court-approved attorneys' fees and costs, and Service Awards out of the Cash Settlement Fund; (xiv) pay Settlement Administration Costs out of the Cash Settlement Fund following approval by Settlement Class Counsel; and (xv) perform any other Settlement Administration function at the instruction of Settlement Class Counsel and C&D, including, but not limited to, verifying that the Cash Settlement Fund and Voucher Settlement Program have been properly administered and that the Cash Payments and Product Vouchers have been properly distributed.

13. The Settlement Administrator shall provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

    a. Within 20 days following the entry of this Order, the Settlement Administrator shall implement the Notice Program, including Publication Notice.

    b. The Settlement Administrator will establish the Settlement Website no later than the day Publication Notice is first made, and the Settlement Website will have Claim

Form submission capability, contain the Agreement and other related documents and information, provide answers to a set of frequently asked questions and information on how to object or request exclusion (and the ability to opt out online), and contain any other information regarding the Court approval process as agreed to by the Parties.

        c.     Within 20 days following entry of this Order, the Settlement Administrator shall establish an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries.

**The Final Approval Hearing**

14.     The Court will hold a Final Approval Hearing on October 16, 2023 at 10:00 a.m. in Courtroom 2503 of the United States District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604 for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (ii) to rule upon Class Counsel's application for an award of attorneys' fees, costs and Service Awards; and (iii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

15.     The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class, and may approve the proposed Settlement without further notice to the Settlement Class.

16.     Class Counsel's application for an award of attorneys' fees, costs and Service Awards will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement.

17.     If the Settlement is approved, Settlement Class Members (i.e., those who have not

opted-out of the Settlement) will be bound by the Releases provided for in the Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgment in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

**Objections to the Settlement**

18. Any Settlement Class Member who intends to object to the Settlement must mail the objection to the Clerk of the Court, Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator. The objection shall include a caption or title that identifies it as "Objection to Class Settlement in *Evans et al. v. Church & Dwight Co., Inc.*, Case No. 22-cv-6301-KENDALL" and set forth: (a) the objector's full name, mailing address, telephone number, and email address; (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards; (e) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or

8

counsel's law firm have objected to a class action settlement within the preceding 5 years; (f) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (g) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (h) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (i) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (j) the objector's signature (an attorney's signature is not sufficient).

19. To be timely, the objection must be submitted no later than 30 days before the Final Approval Hearing.

20. Any Settlement Class Member who fails to timely file with the Court a written objection shall waive and forfeit any and all rights they may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Agreement by appeal or other means; and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action.

**Exclusion from the Settlement Class**

21. Members of the Settlement Class who chose to opt-out must mail a request to the Settlement Administrator indicating their intent to opt-out of the Settlement. The notice of opt-out must be received and/or postmarked no later than 30 days before the Final Approval Hearing. The deadline shall be set forth in the Notice and on the Settlement Website. The opt-out request must state the Settlement Class member's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class.

22. Any member of the Settlement Class who does not submit a request to opt-out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

23. Any member of the Settlement Class who submits a timely, valid opt-out request shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement, and shall have no standing to object to the Settlement or intervene in the Action.

**Termination of the Settlement**

24. If the Settlement fails to become effective in accordance with its terms, or if the judgment or Final Approval Order are not entered or are reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Preliminary Approval Order shall be null and void, the Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Agreement, survive termination), and the Parties shall return to their positions without prejudice in any way, as provided for in the Agreement.

**The Use of this Order**

25. As set forth in the Agreement, the fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this order and the Settlement, and any act performed or document signed in connection with this order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of C&D to the Class Representatives, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in

this Action; (iv) that C&D agrees that a litigation class is proper in this Action; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Agreement or any other amount represents the amount that could or would have been recovered in this Action against C&D if it was not settled at this point in time.

26. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Agreement and the judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this order and/or the Settlement.

27. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court hereby stays this Action pending Final Approval of the Settlement, except such proceedings as may be necessary to carry out the terms and conditions of the Agreement and obtain Final Approval.

28. Pending Final Approval of the Settlement, Plaintiffs, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

29. As stated in this Preliminary Approval Order, and consistent with the Agreement, the following dates and deadlines shall apply to the approval of this Settlement:

| **EVENT** | **TIMING** |
|---|---|
| Deadline to complete Notice Program | At least 60 days before Final Approval Hearing |
| Deadline for filing Motion for Final Approval, including Class Counsel's Application for Attorneys' Fees, Costs and Service Awards | 45 days before Final Approval Hearing |
| Opt-out Period Ends | 30 days before Final Approval Hearing |
| Objection Period Ends | 30 days before Final Approval Hearing |
| Final Approval Hearing | October 16, 2023 at 10:00 a.m., or such later date available on the Court's calendar |
| Claim Form Deadline | 30 days after Final Approval |

30. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class members, though such extensions shall be posted to the Settlement Website.

**IT IS SO ORDERED.**

Dated: May 30, 2023

HON. VIRGINIA M. KENDALL
United States District Court
Northern District of Illinois

12