UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY EVANS and CAITLIN HASSETT, on behalf of themselves and all Others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.,<br><br>Defendant. | Case No. 22-CV-6301<br><br>Judge Virginia M. Kendall |

**ORDER GRANTING UNOPPOSED MOTION**
**FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**

On September 1, 2023, Plaintiffs[1] filed their Unopposed Motion for Final Approval of Settlement Agreement and Application for Attorneys' Fees, Costs, and Service Awards ("Motion"), seeking Final Approval of the Settlement in this Action. In support of the Motion, Plaintiffs filed a Joint Declaration of Class Counsel, and a Declaration of the Settlement Administrator, Steven Weisbrot of Angeion Group, to enable the Court to evaluate the fairness, adequacy, and reasonableness of the Settlement. Following Notice to the Settlement Class, only three Settlement Class members opted-out and no objections were filed.

This matter came before the Court on October 16, 2023, for a Final Approval Hearing pursuant to the Court's Preliminary Approval Order dated May 30, 2023 (ECF No. 62). The Court carefully reviewed all of the filings related to the Settlement and heard argument on the Motion.

After full consideration of the Motion and the presentations of the Parties, the Court concludes that this Settlement provides a favorable recovery for the Settlement Class Members

---

[1] The capitalized terms herein shall have the same meanings as those defined in the Settlement Agreement (ECF No. 60-1).

and is a very good result under the circumstances and challenges presented by the Action. The Court specifically concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class Members. The Settlement complies with Federal Rule of Civil Procedure 23(e). Therefore, the Court grants Final Approval of the Settlement and certifies the Settlement Class.

The Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order granting the Motion, and **HEREBY ORDERS AND ADJUDGES THAT:**

### Final Approval of Settlement

1.  This Court has jurisdiction over the subject matter of this Action, the Settlement Class, and over individuals and entities undertaking affirmative obligations under the Settlement.

2.  This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other applicable law, including the five factors set forth and assessed in *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).[2] Following the completion of the Notice Program, there have been no objections to the Settlement, a clear indication that the Settlement Class Members support the Settlement. As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Agreement.

---

[2] The Seventh Circuit has identified five factors to assess whether a settlement proposal is fundamentally fair, adequate, and reasonable: (1) the strength of the plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed.

## Certification of Settlement Class

3. Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class consists of:

All persons and entities in the United States who during the Class Period purchased one or more of the Bare™ Products or Batiste™ Products for personal, family, or household use and not for resale. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of C&D, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the Bare™ Products or Batiste™ Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; and (d) the Court, the Court's immediate family, and Court staff.

4. The Settlement Class as previously provisionally certified satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

5. As such, the Court finds, for settlement purposes only, that: (a) the Settlement Class as defined is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) Plaintiffs allege that Defendant has acted on grounds that apply generally to the Settlement Class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting individual Settlement Class Members; and (g) certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of the controversy.

## Dismissal and Release

6. No one objects to the Settlement and there are only three Settlement Class members who requested to opt-out from the Settlement through the opt-out process approved by this Court (identified in *Exhibit A* to this Final Approval Order). This Court hereby dismisses this Action on

the merits and with prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members' Released Claims.

7. In exchange for the benefits conferred by the Settlement, all Releasing Parties will be deemed to have released the Released Parties from Released Claims. All Releasing Parties are barred and enjoined from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from this Final Approval Order. Further, all Releasing Parties are barred and enjoined from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from this Final Approval Order.

8. The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice and said Notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

9. Settlement Class Members shall be entitled to receive the benefits of the Settlement in accordance with the procedures set forth in the Agreement.

10. Should there be any funds remaining in the Cash Settlement Fund after the check negotiation period has concluded (resulting from uncashed or undeliverable checks), the Parties shall distribute to the funds to *cy pres* recipient, The American Red Cross.

11. Having found that the Settlement Class Members have been properly certified and received proper Notice under the Notice Program, all Settlement Class Members, other than the three Settlement Class members who opted-out of the Settlement, shall be barred and enjoined from (a) further litigation in this case and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on an individual or class or collective action basis any

action, claim, or proceeding against Defendant in any forum in which any of the claims released in the Agreement are asserted or which in any way would prevent any such claims from being extinguished.

12. All Settlement Class Members who have not opted-out of the Settlement shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class Member.

## **Further Matters**

13. Without affecting the finality of the Final Approval Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this Action until the judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; (c) the Parties to the Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms; and (d) the enforcement of the Court's injunctions.

14. In the event the Settlement does not become effective in accordance with its terms, then the judgment contemplated herein shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void, the Settlement Class shall be decertified, all of Defendant's obligations under the Settlement shall cease to be of any force and effect; the amounts in the Settlement Fund shall be returned to Defendant and Plaintiffs' First Amended Complaint shall be reinstated as it existed prior to the making of the Agreement. In that case, all communications, documents, filings, negotiations, and other actions taken by the Parties to negotiate and pursue a settlement through the Agreement shall

be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

15. Nothing in this Final Approval Order or the Agreement shall be construed as an admission or concession by either Party. Defendant has denied all of Plaintiffs' allegations and continues to deny such allegations. Plaintiffs continue to believe their allegations have merit. The Settlement and this resulting Final Approval Order represent a compromise of disputed allegations.

16. The Court will address Class Counsel's Application for Attorneys' Fees, Costs and Service Awards in a separate order.

17. Pursuant to Federal Rule of Civil Procedure 58(a), the Court will enter Final Judgment in a separate document and direct the Clerk of this Court to close the case.

## CONCLUSION

For the foregoing reasons, the Court: (1) grants Final Approval of the Settlement; (2) appoints Plaintiffs as Class Representatives; (3) appoints as Class Counsel the law firms and attorneys listed in Paragraph 40 of the Agreement; (4) directs Class Counsel, Plaintiffs, and Defendant to implement and consummate the Agreement pursuant to its terms and conditions; (5) retains continuing jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant to implement, administer, consummate and enforce the Settlement and this Final Approval Order, including the Court's injunctions; and (6) will separately enter Final Judgment dismissing the Action with prejudice.

IT IS SO ORDERED.

DATED: 10 - 16 , 2023

By: _____
Honorable Virginia M. Kendall
United States District Judge

## **EXHIBIT A – OPT-OUT LIST**

1. Marisa Locker
2. Mary Jo Jarjouor
3. Nicole Bascope